DURIE TANGRI LLP
SONALI D. MAITRA (SBN 254896)
smaitra@durietangri.com
ALEX J. FEERST (SBN 270537)
afeerst@durietangri.com
217 Leidesdorff Street
San Francisco, CA  94111
Telephone:    415-362-6666
Facsimile:    415-236-6300

Attorneys for Defendants
6WAVES LLC and SIX WAVES INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KING.COM LIMITED, a Malta Corporation,<br><br>                    Plaintiff,<br><br>     v.<br><br>6 WAVES LLC, a Delaware Limited Liability Company, SIX WAVES INC., a British Virgin Islands Company, and DOES 1-5,<br><br>                    Defendants. | Case No. 3:13-cv-03977-MMC<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES**<br><br>Date:    January 17, 2014<br>Time:   9:00 a.m.<br>Ctrm:   7, 19th Floor<br>Judge:  Honorable Maxine M. Chesney |

Defendants Six Waves Inc. and 6waves LLC respectfully submit this opposition to Plaintiff's Motion to Strike Defendants' Affirmative Defenses.

## I.   INTRODUCTION

Under the Federal Rules of Civil Procedure, King.com is entitled to fair notice of Defendants' affirmative defenses, and that is exactly what Defendants' Answer does.  King.com asks the Court to instead apply the *Twombly* heightened pleading standard to Defendants' affirmative defenses and strike several of them on that basis.  Although some courts in this district have done so, others have not, and a larger trend in the Ninth Circuit is to hold that requests like King.com's amount to pointless motion practice.  The plain language of the Federal Rules of Civil Procedure does not require a heightened pleading standard for affirmative defenses, and so requiring both thwarts the practical concerns underlying motions to strike and defies the logic set forth in *Twombly* for applying a heightened pleading standard to claims.  Practically, King.com's motion serves little discernible end apart from proliferating motion practice, especially at this early stage of the case, where granting leave to amend is strongly favored (and unopposed by King.com).  Thus, King.com's motion to strike should be denied.

## II.   FACTUAL BACKGROUND

King.com filed its original Complaint against 6 waves LLC on August 27, 2013 and served it on September 4, 2013.  (ECF Nos. 1, 12-1.)  On October 31, 2013, King.com filed its First Amended Complaint adding Six Waves Inc. as a defendant.  (ECF No. 22.)  A hearing on Defendants' motion to dismiss on *forum non conveniens* grounds, along with King.com's motion to strike, is scheduled for January 17, 2014.  The initial Case Management Conference is scheduled for February 21, 2014.

## III.   ARGUMENT

King.com asks the Court to apply a heightened *Twombly* pleading standard to Defendants' third through sixth affirmative defenses, strike them, and grant Defendants leave to amend.  This request should be denied.

*First*, the text of the Federal Rules of Civil Procedure provides a different pleading standard for claims than for affirmative defenses.  In addition, as many courts have noted, practical and judicial economy considerations weigh against a raised standard for affirmative defenses, such as "the limited time a defendant has to prepare an answer to the complaint, avoidance of the need to repeatedly amend an

answer to assert later-discovered defenses, and discouragement of motions to strike brought for dilatory or harassment purposes." *Weddle v. Bayer AG Corp.,* No. 11CV817 JLS, 2012 WL 1019824, at *3 (S.D. Cal. Mar. 26, 2012). Applying a raised standard to claims promotes judicial economy. Applying it to affirmative defenses does the opposite. Courts in this district have in the past applied the higher standard to affirmative defenses. But the prevailing "fair notice" standard, which the Ninth Circuit has also applied to affirmative defenses after *Twombly*, requires less—and this is the better approach.

*Second,* under the fair notice standard or a heightened standard, Defendants' Answer gives King.com sufficient notice of their affirmative defenses. Two of the four affirmative defenses at issue reference statutory defenses, which constitutes fair notice. The remaining two, read in the context of facts alleged in the Complaint, also provide fair notice. And even under the higher *Twombly* standard, Defendants' affirmative defenses are sufficiently pled.

*Third*, to the extent the Court grants Plaintiff's motion, Defendants request leave to amend and replead any affirmative defenses that are struck. Leave to amend is generally granted unless amendment would clearly be futile. As Defendants have not previously sought to amend their Answer, and given the early stage of this case, leave to amend should be granted. Notably, Plaintiff expressly states in its motion that it does not oppose amendment.

### A.     Legal Standard: Rule 12(f) Motion to Strike

The aim of a motion to strike is to avoid spending time and money litigating spurious issues. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973-74 (9th Cir. 2010). Motions to strike are nevertheless disfavored because they are often used "as [a] delaying tactic[] and because of the limited importance of pleadings in federal practice." *Kaiser Found. Hosps. v. Cal. Nurses Ass'n*, No. 11-5588 SC, 2012 WL 440634, at *4 (N.D. Cal. Feb. 10, 2012); *see also Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010) (noting that motions to strike are also disfavored "because of the strong policy favoring resolution on the merits."). A motion to strike is viewed in the light most favorable to the nonmoving party. *Id.* The ultimate decision under Rule 12(f) lies within the sound discretion of the court. *Fed. Sav. & Loan Ins. Corp. v. Gemini Mgmt.*, 921 F.2d 241, 244 (9th Cir. 1990). Where a court strikes an affirmative defense, leave to amend is generally granted unless amendment would be futile. *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998).

### B. The Standard for Pleading Affirmative Defenses is "Fair Notice"

An affirmative defense need only give plaintiff "fair notice" of the defense. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979). "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Id.*

*In Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007), the Supreme Court set forth a heightened pleading standard for *claims—*a claimant must supply sufficient facts to "nudge[] [its] claims across the line from conceivable to plausible[.]"  King.com asks the Court to extend this heightened standard for *claims* to Defendants' *affirmative defenses*.  But there is no settled rule on this point.  The Supreme Court did not address it in *Twombly* or any other case.  No circuit court has ruled on it.  And district courts in the Ninth Circuit have gone both ways.  *See*, *e.g.*, *Dodson v. Gold Country Foods, Inc.*, No. 2:13-cv-0336-TLN, 2013 WL 5970410, at *2 (E.D. Cal. Nov. 4. 2013) (collecting cases).  Although many courts in this district have applied the heightened *Twombly* standard to affirmative defenses (notably, still under the label of "fair notice"), others have not.  *See*, *e.g.*, *Scott v. Fed. Bond & Collection Serv., Inc.*, No. 10-CV-02825-LHK, 2011 WL 176846 (N.D. Cal. Jan. 19, 2011).

Plaintiff claims that this "all-pleadings" extension to *Twombly* is the majority rule, a proposition repeated by some courts. (Pla.'s Br. Supp. Mot. Strike at 2.)  But recent quantitative scholarship shows that in fact the majority rule has shifted *against* applying *Twombly* to affirmative defenses, with judges "rejecting Twiqbal for testing affirmative defenses by very nearly a two-to-one margin."  William M. Janssen, *The Odd State of Twiqbal Plausibility in Pleading Affirmative Defenses*, 70 Wash. & Lee. L. Rev. 1573, 1605-07 (2013).  Some districts within the Ninth Circuit have also noted this trend.  S*ee Dodson*, 2013 WL 5970410, at *2 ("Although the 'all-pleadings approach' has been adopted by some courts, this court finds that a number of more recent decisions within California lend credence to *not* adopting the 'all-pleadings approach.'" (footnote omitted)).  Moreover, the Ninth Circuit has continued to apply the "fair notice" standard for affirmative defense pleading after *Twombly* and *Iqbal*. *See Simmons v. Navajo Cnty.*, 609 F.3d 1011, 1023 (9th Cir. 2010); *J & J Sports Prods., Inc. v. Vizcarra*, No. 11-1151 SC, 2012 WL 70359, at *2 (N.D. Cal. Jan. 9, 2012) (citing *Simmons* and applying the "fair notice" standard).  This reading is supported by the Federal Rules of Civil Procedure and on-the-ground practical concerns.

### 1. The Text of the Federal Rules of Civil Procedure Provides a Minimal Standard for Pleading Affirmative Defenses

The plain language of the Federal Rules of Civil Procedure weighs against applying *Twombly* to affirmative defenses. *See Enough for Everyone, Inc. v. Provo Craft & Novelty, Inc.*, No. SA CV 11-1161 DOC, 2012 WL 177576, at *2 (C.D. Cal. Jan 20, 2012) (reasoning that where no circuit court has addressed the issue and district courts are split, "the Court thinks the question is best resolved by reference to the text of the Federal Rules."). The *Twombly* standard of "sufficient facts to support plausibility" flows from Rule 8(a)(2), which requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." On its face, Rule 8(a)(2) applies to claims, not affirmative defenses. Affirmative defenses are covered by Rule 8(c), which requires that a responding party "affirmatively state" any affirmative defenses.

The difference between Rules 8(a)(2) and 8(c) is plain—a plaintiff's claim must "show" entitlement to relief, whereas an affirmative defense need only be "stated." King.com's motion avoids any mention of Rule 8(c). But this does not change the plain and material difference between the rule providing the basis of heightened *Twombly* pleading (8(a)(2)) and the applicable rule for affirmative defenses (8(c)). Applying the same pleading standard to claims and affirmative defenses, as King.com advocates, despite this clear difference, "would run counter to the Supreme Court's warning in *Twombly* that legislative action, not 'judicial interpretation,' is necessary to 'broaden the scope' of specific federal pleading standards." *Roe v. City of San Diego*, 289 F.R.D. 604, 609 (S.D. Cal. 2013) (citing *Twombly*).

The Federal Rules require only that Defendants "state" their defenses, and provide no textual basis for applying a heightened standard to affirmative defenses. *See*, *e.g.*, *Ameristar Fence Prod., Inc. v. Phx. Fence Co.*, No. CV-10-299-PHX-DGC, 2010 WL 2803907, at *1 (D. Ariz. July 15, 2010). Defendants' Answer meets this requirement.

### 2. Practical and Judicial Economy Considerations Favor a Minimal Pleading Standard for Affirmative Defenses

It is misleading to view applying *Twombly* to both claims and affirmative defenses as symmetrical and consistent. Practical considerations support applying a different standard for pleading

4

claims than for pleading affirmative defenses.  This is because plaintiffs and defendants are differently situated with respect to the requirements set forth in the Federal Rules of Civil Procedure and their practical litigation postures.  As a result, applying the "same" heightened standard to a plaintiff's claims and a defendant's affirmative defenses leads to opposite results.

*First*, there is the difference in time afforded for factual investigation.  A plaintiff has ample time to research its case and may file when it chooses.  A plaintiff "may investigate a potential claim for weeks, months, or even years before filing a complaint" so long as it stays within the applicable statutes of limitations.  *Meas v. CVS Pharmacy, Inc.*, No. 11cv0823 JM, 2011 WL 2837432, at *3 (S.D. Cal. July 14, 2011).  A defendant by contrast must investigate and prepare an answer within 21 days of service of the complaint or waive it.  Fed. R. Civ. P. 12.  *Twombly* ensures Plaintiffs conduct adequate pre-filing investigation.  But defendants' investigation generally cannot start until after service of the Complaint.

Courts in this district have noted that the 21-day time limit set forth in Rule 12 has been liberalized, such that defendants may extend time to answer or amend later absent prejudice or with leave of court.  *See*, *e.g.*, *Dion v. Fulton Friedman & Gullace LLP*, No. 11-2727 SC, 2012 WL 160221, at *3 (N.D. Cal. Jan. 17, 2012).  But this does not change the structural time disparity between parties.  Plaintiffs may also move to amend their pleadings.  Even taking into account such liberal application of time limits, a plaintiff's time to conduct pre-filing investigation is inherently greater than that allowed to most defendants.  Applying what looks like the "same standard" to both cannot avoid creating disparities in time for factual investigation.  As a result, holding affirmative defense pleading to the same heightened standard as claim pleading "is often impractical and sometimes unrealistic[.]"  *Rapp v. Lawrence Welk Resort*, No. 12-CV-01247 BEN, 2013 WL 358268, at *2 (S.D. Cal. Jan. 28, 2013).

*Second*, judicial economy favors applying different standards.  Applying *Twombly* to both claims and affirmative defenses yields opposite effects with respect to preserving judicial resources.  *Twombly* motions to dismiss brought against *claims* helps keep unfounded cases from generating expensive discovery.  550 U.S. at 558.  They also reduce pressure on defendants to enter into nuisance-based settlements.  Striking affirmative defenses, by contrast, will not eliminate a case and is unlikely to meaningfully narrow one.  *See Leon v. Jacobson Transp. Co.*, No. 10 C 4939, 2010 WL 4810600, at *1 (N.D. Ill. Nov. 19, 2010) (noting that the point of *Twombly* was "to reduce nuisance suits filed solely to

obtain a nuisance settlement.  The Court, though, has never once lost sleep worrying about defendants filing nuisance affirmative defenses[.]").  Commonly, less viable affirmative defenses shrink in importance over the course of discovery, "and the parties simply ignore them.  No judicial intervention is necessary."  *Wells Fargo & Co. v. United States*, 750 F. Supp. 2d 1049, 1052 (D. Minn. 2010).  In *McArdle v. AT & T Mobility LLC*, 657 F.Supp.2d 1140, 1151 (N.D. Cal 2009), *rev'd on other grounds*, 474 Fed. App'x 515 (9th Cir. 2012), a post-*Twombly* case, the court declined to strike seventeen of defendants' affirmative defenses that had been pled "as boilerplate."  The court observed that this was apparently done in an abundance of caution and "trust[ed] that Defendants will dismiss them voluntarily prior to summary judgment motion practice if they do not discover evidence to support them."  Motions to strike affirmative defenses, even when technically correct, waste the court's and parties' time.  *See Cassetica Software, Inc. v. Computer Scis. Corp.*, No. 11 C 2187, 2011 WL 4431031, at *5 (N.D. Ill. Sept. 22, 2011) (observing that striking affirmative defenses "is not worth the time and expense it takes for the parties and the Court to brief and rule on such a motion.").

Freely granting motions to strike affirmative defenses will proliferate more such motions without streamlining or eliminating cases.  For plaintiffs seeking to drive up defendants' costs, the higher standard encourages empty motion practice.  As leave is freely given to amend the answer, especially early in a case, such motions are pointless saber-rattling.  In most such cases, plaintiff has received fair notice of the affirmative defenses and proceeding to discovery would provide the underlying facts more efficiently than motion practice over the details of an answer.  As the court noted in *Scott*, "[g]iven the relatively narrow issues involved in this case and counsel's experience in litigating similar cases, the Court is somewhat skeptical that Plaintiff's motion is a necessary means of clarifying the defenses asserted or avoiding unnecessary litigation. . . . [And is] troubled by Plaintiff's decision to file an opening brief based solely on general arguments and to set forth detailed arguments as to specific defenses only in its reply."  2011 WL 176846, at *5 (footnote and internal citation omitted).

Further, heightened pleading standards for affirmative defenses encourage defendants to initially plead fewer affirmative defenses and then move to amend the answer as facts emerge in discovery.  In this way, granting motions to strike affirmative defenses will in the long term foster an environment that requires courts "to address multiple motions to amend the answer as discovery reveals additional

1  defenses." *Meas*, 2011 WL 2837432, at *3.  As one court envisions it, "Defendants would necessarily
2  delay filing answers until discovery had permitted the factual pleading sought by plaintiffs.  In the
3  alternative, those defendants would continually seek leave to amend and the Court's and parties'
4  resources would be wasted.  This course would also necessitate additional discovery and likely lengthen
5  the time until a matter could be brought to trial."  *Schlottman v. Unit Drilling Co., LLC*, No. Civ-08-
6  1275-C, 2009 WL 1764855, at *2 (W.D. Okla. June 18, 2009).

*Finally*, a key practical issue is whether plaintiff would actually be prejudiced by affirmative defenses as pled.  The core purpose of requiring defendants to plead affirmative defenses is "to avoid surprise and undue prejudice by providing the plaintiff with notice and the opportunity to demonstrate why the affirmative defense should not succeed."  *Robinson v. Johnson*, 313 F.3d 128, 134-135 (3d Cir. 2002).  Unlike cursorily pled claims, as some courts have noted, affirmative defenses that are simply stated will not prejudice a plaintiff.  Courts differ on whether a movant must show prejudice in support of a motion to strike affirmative defenses, but either way "a motion to strike is usually a waste of time and money without such a showing[.]"  *Miller v. Ghirardelli Chocolate Co.*, No. C 12-04936 LB, 2013 WL 3153388, at *3 (N.D. Cal. June 19, 2013) (citation omitted).  King.com's brief does not even begin to gesture toward any such prejudice.

Applying the "same" pleading standard to both claims and affirmative defenses may sound intuitively sensible.  But, here, doing so fosters opposite results in practice.  Plaintiffs and defendants are not similarly situated.  As a result, applying a heightened pleading standard to affirmative defenses threatens to multiply inefficiency—the opposite of the Supreme Court's intent in *Twombly*.

**C.      Defendants' Answer Provides Fair Notice of Their Affirmative Defenses to King.com**

Even under the heightened *Twombly* standard, as well as the customary fair notice standard, Defendants' affirmative defenses are sufficiently pled.

*First*, Defendants' Third and Sixth affirmative defenses are each sufficiently pled by virtue of being statutory defenses set forth in the Copyright Act.  Identifying the statute on which an affirmative defense is based is sufficient.  In *Wyshak*, 607 F.2d at 827, the court found that defendant had sufficiently pled the affirmative defense of statute of limitations where an amended answer attached to a motion "simply alleged that 'plaintiff's claims are barred by the applicable statute of limitations' and the

attached motion cited the statute on which defendant relied."

In *Scott v. Fed. Bond & Collection Serv., Inc.*, No. 10-CV-02825-LHK, 2011 WL 176846 (N.D. Cal. Jan. 19, 2011), a post-*Twombly* case, plaintiff moved to strike nineteen affirmative defenses on the grounds that they provided insufficient particularity, as in this motion. As to four of these affirmative defenses, the court denied plaintiff's motion to strike, finding that "although the defenses are lacking in factual allegations, the Court believes that in the context of this action, they provide fair notice of the nature of the defenses asserted and permit Plaintiff to make informed discovery requests. Each defense contains a citation to a statute or case law, and these references allow Plaintiff to clearly determine the basis for the asserted defense." *Id*. at *7.

Defendants' Third Affirmative Defense of fair use is set forth at 17 U.S.C. § 107 and Sixth Affirmative Defense of innocent infringement is provided under 17 U.S.C § 504(c). Although the Answer does not include statutory citations, Defendants sufficiently identified these statutory defenses by name. Plaintiff has received fair notice.

***Second***, Defendants' Answer should be read in the context of King.com's FAC and other pleadings in the case. In *Ghirardelli*, plaintiff moved to strike twenty-four of defendant's affirmative defenses in total, three of these on the grounds of insufficient factual support. 2013 WL 3153388, at *6-7. Applying the heightened *Twombly* standard, the court declined to strike any of these three affirmative defenses: even though they were pled in "boilerplate fashion," they were sufficient "viewed in the context of the complaint." *Id*. In *Spears v. First Am. eAppraiseIt*, No. 5-08-CV-00868-RMW, 2013 WL 1748284, at *7 (N.D. Cal. Apr. 23, 2013), the court similarly viewed the affirmative defenses pled in the answer in the context of other filings in the case. Applying the *Twombly* standard, the court found that although defendant "provided minimal factual support for its affirmative defenses . . . , it has provided enough—especially when combined with subsequent filings—to give plaintiffs further notice as to the basis of its defenses." The court took a similar approach to reading the affirmative defenses in the context of other pleadings (specifically a Joint Case Management Conference Statement, or "JCMCS") in *Hynix Semiconductor Inc. v. Rambus Inc.*, No. CV-00-20905, 2007 WL 4062845, at *9 (N.D. Cal. Nov. 15, 2007). There the court declined to strike several defenses on the basis that the JCMCS provided sufficient factual basis. *Id*.

The affirmative defenses pled in Defendants' Answer, in the context of the FAC, give King.com sufficient notice of defendants' affirmative defense. For example, King.com moves to strike Defendants' Third Affirmative Defense of fair use. But King.com already has fair notice, given the allegations recited in its FAC, of basic facts to which the four-factor fair use test would be applied. *See* 17 U.S.C. § 107. This includes the nature of the copyrighted work (e.g., FAC ¶¶ 4-10), the purpose and character of Defendants' use (e.g., *id*. ¶¶ 31-48, 52-72) and the amount of the work used (*id*. ¶¶ 31-48, 52-72). King.com's fair notice comes from the facts alleged in the complaint combined with the affirmative defenses "stated" in Defendants' Answer, under Rule 8(c). For exactly this reason, one court has observed, it is "absurd to require a defendant to re-plead every fact relevant to an affirmative defense." *Baum v. Faith Techs., Inc.*, No.10-CV-0144-CVE, 2010 WL 2365451, at *3 (N.D. Okla. June 9, 2010).

The same is true for Defendants' Fourth Affirmative Defense of copyright misuse. The facts pled in the FAC, combined with Defendants' stated affirmative defense, provide King.com sufficient notice of the defense: that King.com's actions represent a restraint of competition outside the limited monopoly granted by the Copyright Office. *See Practice Mgmt. Info. Corp. v. Am. Med. Ass'n*, 121 F.3d 516 (9th Cir. 1997).

King.com's request that the Court strike Defendants' Sixth Affirmative Defense of innocent infringement is perhaps the least reasonable because it would require Defendants to plead facts supporting a negative, in advance of discovery. A defense of innocent infringement under 17 U.S.C § 504(c)(2) rests upon showing that defendant "was not aware and had no reason to believe that his or her acts constituted an infringement of copyright[.]" Defendants' statement of this affirmative defense provides fair notice to King.com. Defendants' Fifth Affirmative Defense similarly states a set of affirmative defenses that, combined with the facts alleged in pleadings including the FAC and Defendants' Motion to Dismiss on *forum non conveniens* grounds, provide fair notice to King.com.

### D. Leave to Amend Should be Granted as to Any Stricken Affirmative Defense

King.com does not oppose granting Defendants leave to amend, nor could it. Should the Court choose to strike any of their affirmative defenses, Defendants request leave to amend their Answer. Leave to amend is generally granted unless amendment would be futile. *See Steckman*, 143 F.3d at 1298; *Allen v. AVT Event Techs., Inc.*, No. C-13-1922 MMC, 2013 WL 3157905 (N.D. Cal. June 20, 2013)

(granting leave to amend all defenses affirmative in nature after striking). For a court to deny leave to amend, it must be *clearly* (not just apparently) futile to amend a given affirmative defense. In *ARU SPC Ltd. v. Meyer Trucking, Inc.*, No. C-12-5754 MMC, 2013 WL 968156 (N.D. Cal. Mar. 12, 2013), the court struck all seven of defendants' affirmative defenses. Of these, five were struck on the grounds at issue in this motion, that defendants failed to allege sufficient supporting facts. *Id*. The court noted that "although amendment of some of the affirmative defenses … would appear to be futile, it is not clear that defendants are unable to cure the deficiencies identified" and granted defendant leave to amend all of its affirmative defenses. *Id*. at *3.

Leave to amend may be denied where, for example, a negative defense has been improperly pled as an affirmative defense or when an affirmative defense is legally insufficient. *See Cabrera v. Alvarez*, No. C 12-04890 SI, 2013 WL 3146788, at *2 (N.D. Cal. June 18, 2013) (striking without leave to amend various negative defenses and two affirmative defenses asserting "unidentified state law immunities"). It may also be denied where a defendant previously received leave to amend a stricken affirmative defense and failed to do so in its amended pleading. *See*, *e.g*., *Ansari v. Elec. Document Processing, Inc.*, No. 5:12-CV-01245-LHK, 2013 WL 664676, at *5 (N.D. Cal. Feb. 22, 2013). None of these apply here.

At this early stage of the case, allowing Defendants leave to amend would not be futile. King.com filed its FAC on October 31, 2013, less than two months ago. Defendants answered on November 18, 2013 and have not previously requested leave to amend their Answer. The initial Case Management Conference is scheduled for mid-February 2014. Indeed, King.com explicitly does not oppose granting Defendants leave to amend. (Pla.'s Br. Supp. Mot. Strike at 4.) To the extent the Court grants King.com's motion to strike, Defendants respectfully request leave to amend their Answer.

## IV.   CONCLUSION

For the above reasons, Plaintiff's motion to strike should be denied. If the Court strikes any of Defendants' affirmative defenses, Defendants respectfully request leave to amend their Answer.

Dated:  December 30, 2013                                         DURIE TANGRI LLP

By:   */s/ Sonali D. Maitra*
SONALI D. MAITRA
ALEX J. FEERST

Attorneys for Defendants
6WAVES LLC and SIX WAVES INC.

**CERTIFICATE OF SERVICE**

I certify that all counsel of record is being served on December 30, 2013 with a copy of this document via the Court's CM/ECF system.

*/s/ Sonali D. Maitra*
SONALI D. MAITRA