LAURENCE F. PULGRAM (CSB No. 115163)
lpulgram@fenwick.com
JENNIFER LLOYD KELLY (CSB No. 193416)
jkelly@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:    415.875.2300
Facsimile:    415.281.1350

Attorneys for Plaintiff
KING.COM LIMITED, a Malta Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KING.COM LIMITED, a Malta Corporation,<br><br>           Plaintiff,<br><br>    v.<br><br>6 WAVES LLC, a Delaware Limited Liability Company, SIX WAVES INC., a British Virgin Islands Company, and DOES 1-5,<br><br>           Defendants. | Case No. 3:13-cv-03977-MMC<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES [DK. 32]**<br><br>Date:         January 17, 2014<br>Time:        9:00 A.M.<br>Courtroom: 7, 19th Floor<br>Judge:       Hon. Maxine M. Chesney |

# TABLE OF CONTENTS

**Page**

INTRODUCTION ............................................................................................................................. 1

ARGUMENT ................................................................................................................................... 1

I. APPLICABLE PLEADING STANDARDS REQUIRE THAT FACTS SUPPORTING AFFIRMATIVE DEFENSES BE PLEADED ............................................ 1

II. NONE OF 6WAVES' OTHER ARGUMENTS JUSTIFY ITS FAILURE TO PLEAD FACTS IN SUPPORT OF ITS AFFIRMATIVE DEFENSES ............................... 3

    A. The Language of Rule 8 Does Not Support 6waves' Argument that Plaintiffs and Defendants are Subject to Different Pleading Standards .................. 3

    B. 6waves' Arguments Premised on Practicality are Improperly One-Sided ............................................................................................................... 4

    C. 6waves' Conclusory Allegations Do Not Provide Notice of Its Defenses .................................................................................................... 6

        1. Merely Identifying A Statute Is Insufficient. ............................................... 6

        2. Reading 6waves' Answer In The Context of Other Pleadings Does Not Yield Facts That Would Support Its Defenses ............................ 7

III. AMENDMENT OF 6WAVES' ANSWER ...................................................................... 9

CONCLUSION ................................................................................................................................ 9

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

REPLY IN SUPPORT OF MOTION TO STRIKE
DEFENDANTS' AFFIRMATIVE DEFENSES
i
CASE NO. 3:13-cv-03977-MMC

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Ansari v. Elec. Document Processing, Inc.*,
   No. 5:12-CV-01245 LHK, 2012 WL 3945482
   (N.D. Cal. Sep. 10, 2012) (Koh, J.)..................................................................................2, 6

*ARU SPC Ltd. v. Meyer Trucking, Inc.*,
   No. C-12-5754 MMC, 2013 WL 968156
   (N.D. Cal. Mar. 12, 2013) (Chesney, J.)............................................................................1, 2

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)........................................................................................................1, 2, 3

*Barnes & Noble, Inc. v. LSI Corp.*,
   849 F. Supp. 2d 925 (N.D. Cal. 2012) (Chen, J.).............................................................1, 4

*Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*,
   718 F. Supp. 2d 1167 (N.D. Cal. 2010) (Patel, J.)...........................................................2, 4

*Bell Atlantic Corporation v. Twombly*,
   550 U.S. 544 (2007).........................................................................................................1, 2, 3

*Bottoni v. Sallie Mae, Inc.*
   No. C 10-03602 LB, 2011 WL 3678878 (N.D. Cal. 2011) .................................................6

*Dion v. Fulton Friedman & Gullace LLP*,
   No. 11-2727, 2012 WL 160221 (N.D.Cal. Jan.17, 2012) (Conti, J.)..................................5

*Hynix Semiconductor Inc. v. Rambus Inc.*,
   No. CV-00-20905, 2007 WL 4062845 (N.D. Cal. Nov. 15, 2007) (Whyte, J.)............2, 6, 7

*Infineon Techs. AG v. Volterra Semiconductor Corp.*,
   No. C 11-6239 MMC, 2013 WL 1832558
   (N.D. Cal. May 1, 2013) (Chesney, J.) .............................................................................1, 2

*Monster Cable Prods., Inc. v. Avalanche Corp.*,
   No. 08-4792, 2009 WL 650369 (N.D. Cal. Mar. 11, 2009) (Chesney, J.).........................1

*Perez v. Gordon & Wong Law Group, P.C.*,
   No. 11-CV-03323-LHK, 2012 WL 1029425
   (N.D. Cal. Mar. 26, 2012) (Koh, J.)..................................................................................3, 4

*Practice Mgmt. Info Corp. v. Am. Med. Ass'n*,
   121 F.3d 516 (9th Cir. 1997)................................................................................................8

*Qarbon.com Inc. v. eHelp Corp.*,
   315 F. Supp. 2d 1046 (N.D. Cal. 2004) (Ware, J.) ............................................................4

*Spears v. First Am. eAppraiseIt*,
   No. 5-08-CV00868-RMW, 2013 WL 1748284 (N.D. Cal. Apr. 23, 2013)........................7

# TABLE OF AUTHORITIES
### (Continued)

**Page(s)**

*Surface Supplied, Inc. v. Kirby Morgan Dive Sys., Inc.*,
  No. C-13-0575 MMC, 2013 WL 5496961
  (N.D. Cal. Oct. 3, 2013) (Chesney, J.) ............................................................... 1, 2

*Vogel v. Huntington Oaks Del. Partners, LLC*,
  291 F.R.D. 438 (C.D. Cal. 2013) (Wright, J.) ...................................................... 2, 3

*Wyshak v. City Nat'l Bank*,
  607 F.2d 824 (9th Cir. 1979) ............................................................................. 2, 3, 4, 7

*Yates v. Perko's Café*,
  Nos. C 11-00873 SI and C 11-1571, 2011 WL 2580640
  (N.D. Cal. June 29, 2011) (Illston, J.) ..................................................................... 6

**STATUTES**

17 U.S.C. § 107 .................................................................................................................... 7

**RULES**

Fed. R. Civ. P. 8 ............................................................................................................. 3, 4, 6

Fed. R. Civ. P. 8(a) .............................................................................................................. 4

Fed. R. Civ. P. 8(a)(1) ......................................................................................................... 4

Fed. R. Civ. P. 8(a)(2) ......................................................................................................... 3

Fed. R. Civ. P. 8(b) .............................................................................................................. 4

Fed. R. Civ. P. 8(b)(1) ......................................................................................................... 4

Fed. R. Civ. P. 8(c) .............................................................................................................. 3

Fed. R. Civ. P. 12(a)(4) ........................................................................................................ 9

Fed. R. Civ. P. 26 ............................................................................................................. 3, 6

Fed. R. Civ. P. 26(b) ............................................................................................................ 1

Fed. R. Civ. P. 26(b)(1) ....................................................................................................... 3

**OTHER AUTHORITIES**

William M. Janssen, *The Odd State of Twiqbal Plausibility in
  Pleading Affirmative Defenses*, 70 Wash. & Lee L. Rev. 1573, 1583 ....................... 5

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**INTRODUCTION**

Defendants 6 Waves LLC and Six Waves Inc.'s (collectively, "6waves") Opposition fails to justify the total absence of any facts pled in support of the four affirmative defenses that Plaintiff King.com Limited ("King") has moved to strike. Rather than offer a legitimate reason for this failure, 6waves argues it is not required to plead any such facts. But this Court repeatedly has joined with the many courts within this Circuit that have held that such facts must be pleaded. *See, e.g.*, *Surface Supplied, Inc. v. Kirby Morgan Dive Sys., Inc.*, No. C-13-0575 MMC, 2013 WL 5496961, at *2, 4 (N.D. Cal. Oct. 3, 2013) (Chesney, J.); *Infineon Techs. AG v. Volterra Semiconductor Corp.*, No. C 11-6239 MMC, 2013 WL 1832558, at *3-5 (N.D. Cal. May 1, 2013) (Chesney, J.); *ARU SPC Ltd. v. Meyer Trucking, Inc.*, No. C-12-5754 MMC, 2013 WL 968156, at *2-3 (N.D. Cal. Mar. 12, 2013) (Chesney, J.). As the myriad post-*Twombly* and *Iqbal* cases have made clear, there are many sound reasons for requiring facts to be pled in support of defenses, just as they must be for claims. Indeed, permitting affirmative defenses to enter a case by merely naming them, rather than by a short and plain statement of facts making them plausible, would permit discovery on innumerable subjects not properly within the case, as Rule 26(b) defines the scope of discovery based on "any party's claim or defense."

King believes 6waves' decision to file a lengthy opposition rather than simply amend its Answer suggests 6waves is not aware of facts it could actually plead in support of its Third, Fourth, Fifth, or Sixth Affirmative Defenses. Nonetheless, King has no objection to 6waves receiving the opportunity to try. The motion should be granted, with leave to amend.

**ARGUMENT**

**I.   APPLICABLE PLEADING STANDARDS REQUIRE THAT FACTS SUPPORTING AFFIRMATIVE DEFENSES BE PLEADED**

As King explained in its moving papers, the Northern District of California routinely applies the current pleading standards of *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), to affirmative defenses—*i.e.*, enough facts must be pled to demonstrate that the defense is plausible. *Barnes & Noble, Inc. v. LSI Corp.*, 849 F. Supp. 2d 925, 928 (N.D. Cal. 2012) (Chen, J.); *Monster Cable Prods., Inc. v. Avalanche Corp.*,

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

No. 08-4792, 2009 WL 650369, at *1-4 (N.D. Cal. Mar. 11, 2009) (Chesney, J.). Thus, affirmative defenses lacking sufficient factual support are routinely stricken. *See Surface Supplied, Inc.*, 2013 WL 5496961, at *2, 4 (citing *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167 (N.D. Cal. 2010) (Patel, J.); *Iqbal*, 556 U.S. at 662); *Infineon Techs. AG*, 2013 WL 1832558, at *3-5; *ARU SPC Ltd.*, 2013 WL 968156, at *2-3. This includes defenses that, like 6waves', merely reference a doctrine. *Ansari v. Elec. Document Processing, Inc.*, No. 5:12-CV-01245 LHK, 2012 WL 3945482, at *4-5 (N.D. Cal. Sep. 10, 2012) (Koh, J.) (striking all affirmative defenses); *Hynix Semiconductor Inc. v. Rambus Inc.*, No. CV-00-20905, 2007 WL 4062845, at *8 (N.D. Cal. Nov. 15, 2007) (Whyte, J.).

6waves does not argue that its Answer meets the above standard. Nor could it. <u>Not a single fact</u> has been pled in support of the defenses at issue here.[1] Instead, 6waves argues the applicable standard is much lower, citing the 35-year-old opinion in *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979), for the proposition that its Answer need only provide King with "fair notice" of its defenses. Defendants' Opposition to Motion to Strike ("Opp") [Dkt. 37] at 3. This argument suffers from at least three flaws.

First, *Wyshak* significantly preceded *Twombly* and *Iqbal*, which articulated the current plausibility standard for adequate pleadings. In the post-*Twombly/Iqbal* world, conclusions must be supported by facts.[2]

Second, 6waves' argument assumes that fair notice is actually a lower pleading standard—so low, in fact, that no supporting facts need be pleaded. But as the Central District recognized in *Vogel v. Huntington Oaks Del. Partners, LLC*, 291 F.R.D. 438, 441 (C.D. Cal. 2013), "[f]raming the issue as a choice between *Twombly*'s plausibility standard and *Wyshak*'s

---

[1] Like its Answer, 6waves' Opposition is devoid of any facts that would lend support to the affirmative defenses at issue. Not even the so-called "Factual Background" section of its Opposition discusses the facts of this case; it merely addresses its procedural history. Opp. at 1.

[2] 6waves makes much of the fact that neither the Supreme Court nor any Circuit court has specifically held that the *Twombly/Iqbal* standard applies to affirmative defenses, but as one court has held, "[t]he lack of appellate authority neither compels nor cautions against applying Twombly to affirmative defenses. Similarly, a split among district courts is not independent justification for anything." *Vogel v. Huntington Oaks Del. Partners, LLC*, 291 F.R.D. 438, 441 (C.D. Cal. 2013) (Wright, J.). Indeed, courts in this District, including this Court, have not hesitated to apply the current standard to affirmative defenses.

fair-notice standard is misleading, because *Twombly* merely revised the fair-notice standard on which *Wyshak* is based." *Id.* at 440.  By arguing that the fair notice standard set forth in *Wyshak* still means something less than *Twombly* and *Iqbal* require for claims, 6waves is merely rehashing the same unsuccessful arguments rejected by courts in this District.  *See, e.g., id.* at 441; *Perez v. Gordon & Wong Law Group, P.C.*, No. 11-CV-03323-LHK, 2012 WL 1029425, at *7 (N.D. Cal. Mar. 26, 2012) (Koh, J.) ("Defendants have not offered persuasive justification why the fair notice pleading standard announced in *Twombly* and *Iqbal* should not apply to the pleading of affirmative defenses.").

Finally, 6waves' argument overlooks the role of affirmative defenses in defining the scope of this case.  Rule 26 provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  Defenses, like claims, therefore have the crucial function of framing the scope of discovery.  Just as plaintiffs are not permitted to take discovery on claims that lack any factual basis, a defendant is not permitted to engage in a fishing expedition to determine which (if any) of its boilerplate defenses might have any merit.  Indeed, this is precisely the wrong the Supreme Court intended *Twombly* and *Iqbal* to address.  *See, e.g., Twombly*, 556 U.S. at 678-79 (noting "[Rule 8] does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions").[3]

## II.  NONE OF 6WAVES' OTHER ARGUMENTS JUSTIFY ITS FAILURE TO PLEAD FACTS IN SUPPORT OF ITS AFFIRMATIVE DEFENSES

6waves makes three other arguments in support of its claim that its affirmative defenses are pleaded in accordance with applicable pleading standards.  None has any merit.

### A.  The Language of Rule 8 Does Not Support 6waves' Argument that Plaintiffs and Defendants are Subject to Different Pleading Standards.

First, 6waves claims that the language of Rule 8 permits a lower standard of pleading for defenses than for claims, because Rule 8(a)(2) (governing claims) and Rule 8(c) (governing affirmative defenses) do not have parallel language.  Opp. at 4:1-24.  But 6waves completely

---

[3] *Wyshak* is equally unavailing to 6waves on this issue.  That case predates *Twombly/Iqbal* by more than a generation.  It also predates the 2000 Rules Amendments that limited discovery to the scope of claims and defenses, rather than the "subject matter of the action" (the former standard employed in *Wyshak*), thereby increasing the significance of whether a given defense is in a case.

ignores Rule 8(b)(1), which also deals with defenses and *does* parallel the language of Rule 8(a). Rule 8(b)(1) states that a party responding to a pleading must "state in short and plain terms its defenses to each claim asserted against it"; thus, *both* claims and defenses are to be stated in "short and plain" terms. *Compare* Fed. R. Civ. P. 8(a)(1) *with* Fed. R. Civ. P. 8(b)(1).

6waves also ignores that courts in this District have analyzed Rule 8 and held that it subjects plaintiffs and defendants to the same standard. *See, e.g.*, *Perez*, 2012 WL 1029425, at *7 ("Indeed, this parallelism [between Rule 8(a)(1) and 8(b)(1)] appears to be the very reason the Ninth Circuit applied [the pre-*Twombly* decision in] *Conley* to the pleading of affirmative defenses in *Wyshak*."); *Barnes & Noble, Inc.*, 2012 WL 359713, at *2 ("*Twombly*'s rationale of giving fair notice to the opposing party would seem to apply as well to affirmative defenses given the purpose of Rule 8(b)'s requirements for defenses."); *Barnes*, 718 F. Supp. 2d at 1172 ("The court can see no reason why the same principles applied to pleading claims should not apply to the pleading of affirmative defenses which are also governed by Rule 8."); *Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004) (Ware, J.) ("Affirmative defenses are governed by the same pleading standard as complaints [under Rule 8(b)].").

**B.    6waves' Arguments Premised on Practicality are Improperly One-Sided.**

6waves argues that it is impractical to require it to plead facts in support its affirmative defenses now, asserting a litany of excuses that courts in this District have rejected. *See, e.g.*, *Perez*, 2012 WL 1029425, at *7 (rejecting defendants' arguments that "fair notice" requirement does not require pleading of facts in support of affirmative defenses). As Judge Chen noted in *Barnes & Noble*, "[w]hat is good for the goose's complaint should be good for the gander's answer." *Barnes & Noble, Inc.*, 849 F. Supp. at 929.

6waves first points to the difference in time afforded for each party's factual investigation, arguing that defendants only receive 21 days between service of a complaint and filing of an answer. Opp. at 4:27–5:11. But 6waves did not have just 21 days; King granted it a 30 day extension of time to respond to the initial Complaint [Dkt. 13]. And this case has now been pending for more than four months—giving 6waves 125 days to conduct factual investigation between the filing of King's Complaint on August 27, 2013 and the filing of 6waves' opposition

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

to this motion on December 30, 2013.[4]  That is substantially more time than King had to conduct its own factual investigation, since 6waves released its knockoffs of two of King's games that are the subject of this action for copyright infringement only one and two months, respectively, before King commenced this action.  *See* First Amended Complaint ("FAC") [Dkt. 22] at ¶¶ 32, 51.  6waves also concedes, as it must, that this Circuit is generous in permitting amendment of answers to assert later-discovered defenses.  Opp. at 5:12-14 (citing *Dion v. Fulton Friedman & Gullace LLP*, No. 11-2727, 2012 WL 160221, at *3 (N.D. Cal. Jan.17, 2012) (Conti, J.) ("[T]his Circuit has liberalized the requirement that affirmative defenses be raised in a defendant's initial pleading and allows affirmative defenses to be asserted in a later motion absent prejudice [to the non-movant.]")).  There is, therefore, no justification for asserting baseless defenses "just in case" they might turn out to be applicable.

6waves next argues that the *Twombly/Iqbal* standard applies only to prevent unfounded cases brought by plaintiffs, and that there is no parallel concern with respect to unfounded defenses.  This argument ignores the point made above regarding the scope of discovery, which defenses directly control.  6waves also ignores other real problems created by unfounded defenses.  It cites to opinions outside this Circuit that state that baseless affirmative defenses may simply melt away of their own accord.  In essence, 6waves is arguing that it should be permitted, unilaterally, to name and explore as many frivolous defenses to whatever extent it likes.  But this prior, kitchen sink approach cannot be harmonized with *Twombly/Iqbal*, even according to the law review article 6waves cites.  *See* William M. Janssen, *The Odd State of Twiqbal Plausibility in Pleading Affirmative Defenses*, 70 Wash. & Lee L. Rev. 1573, 1583 ("[I]t it has long been among the 'best practices' of prudent defending parties to include any affirmative defense that might possibly prove to be germane (regardless of whether the known facts can snugly support such assertions).  Whatever *Twiqbal* may be understood to mean, it probably does not tolerate that longstanding approach to affirmative defense pleading.") (citation omitted).

---

[4] 6waves certainly has demonstrated an ability to conduct fact investigation already (including the knowledge of its employees as well as the employees of its Beijing subsidiary that purportedly developed the infringing games), as evidenced by the extensive declarations submitted with its Motion to Dismiss for *Forum Non Conveniens* [Dkt. 26] filed on November 1, 2013.

6waves also declares that applying the current pleading standard to affirmative defenses would be uneconomical, because defendants would need to later amend as facts emerge in discovery.  However, the risk of potential amendments to conform to facts is no different for defenses than for claims.  No party may launch claims or defenses, or seek discovery on them, without facts.  *See* Fed. R. Civ. P. 8 and 26.  If facts later emerge, then either party may seek to amend.  But without facts, no claim or defense should be raised.[5]  To the contrary, permitting vague affirmative defenses—such as the ones 6waves has asserted here—would undermine judicial economy, requiring unwarranted discovery and motions for summary judgment, or even trial, of defenses that should never have been raised.

### C. 6waves' Conclusory Allegations Do Not Provide Notice of Its Defenses.

In a final attempt to justify its defective pleading, 6waves argues that its factually devoid defenses actually do provide King with fair notice of their basis, no matter what the applicable pleading standard is.  They do not.

#### 1. Merely Identifying A Statute Is Insufficient.

Contrary to 6waves' claims, merely identifying a statute (which 6waves concedes it has not even done here (Opp. at 8:11-13)) is no more sufficient to state an affirmative defense than it would be to state a claim.  *See Yates v. Perko's Café*, Nos. C 11-00873 SI and C 11-1571, 2011 WL 2580640, at *4 (N.D. Cal. June 29, 2011) (Illston, J.) ("Defendants may not simply reference the [] statute, and instead are required to allege specific facts in support of their defense."); *Hynix Semiconductor Inc.*, 2007 WL 4062845, at *8 ("[A]n affirmative defense may not simply reference a doctrine."); *see also Ansari*, 2012 WL 3945482, at *3-4 ("[I]t is well established that affirmative defenses are governed by the same pleading standard as complaints.") (citations and

---

[5] 6waves also suggests King must demonstrate prejudice from 6waves' assertion of unsupported defenses.  This issue is far from settled, as 6waves concedes.  *See* Opp. at 7:11-15; *see also Bottoni v. Sallie Mae, Inc.* No. C 10-03602 LB, 2011 WL 3678878, at *2 (N.D. Cal. 2011) (Beeler, M.J.) ("A showing of prejudice is not required to strike an 'insufficient' portion of the pleading . . . .") (citations omitted).  But even assuming that a showing of prejudice is required, the prejudice should be obvious.  All parties and the Court will suffer from the waste of time and effort litigating and engaging in discovery over baseless defenses.  As Magistrate Judge Beeler recognized in *Bottoni*, "the obligation to conduct expensive and potentially unnecessary and irrelevant discovery is a prejudice." *Id.*

quotations omitted).

6waves relies principally on *Wyshak* for the proposition that "[i]dentifying the statute on which an affirmative defense is based is sufficient." Opp. at 7:25-26. Closer reading of *Wyshak* reveals that it is factually distinguishable. In that case, the last renewal of the allegedly defective loan occurred in 1969, and the claim was filed in 2004—providing a plain factual basis for assertion that the claim was barred by the three year statute of limitations. No similar facts support any statute of limitations defense here. In *Wyshak*, when the defendant sought to amend its answer of its own accord by pleading the state statute of limitations, the trial court permitted amendment and ultimately entered judgment that the claim was barred. *Wyshak*, 607 F.2d at 827. On appeal, after finding that the statute of limitations defense had been *proven*, the appellate court also rejected the argument that its pleading was inadequate—a result that was hardly surprising, given the facts that proved it. *Id.* at 825-26. Thus, not only is *Wyshak* a pre-*Twombly*, decision, but it involved affirmative defenses having clear factual support. No similar facts supporting a defense exist here. Certainly 6waves has not pleaded any.

**2.   Reading 6waves' Answer In The Context of Other Pleadings Does Not Yield Facts That Would Support Its Defenses.**

6waves also urges the Court to read its deficient Answer in the context of King's FAC. Opp. at 8:14-15. But 6waves does not identify a single fact from King's FAC from which King or the Court can actually derive an understanding of the basis for 6waves' defenses at issue here. Nor do the cases cited by 6waves lend support to this argument.[6]

With respect to its Third Affirmative Defense (Fair Use), 6waves claims that King should understand the basis for this defense since its FAC includes allegations touching on the four statutory fair use factors set forth in 17 U.S.C. § 107. This argument simply makes no sense. The allegations of King's FAC directly refute any argument that the conduct 6waves engaged in—

---

[6] Two of the cases cited by 6waves involved allegations from other documents filed by the *defendants* that the courts viewed in connection with the filed answers. *See Spears v. First Am. eAppraiseIt*, No. 5-08-CV00868-RMW, 2013 WL 1748284, at *7 (N.D. Cal. Apr. 23, 2013) ("subsequent filings", including "a table outlining the substantive facts"); *Hynix Semiconductor Inc.*, 2007 WL 4062845, at *9 (Joint Case Management Conference Statement). 6waves does not and cannot point to any such other documents here.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

cloning two of King's highly successful games—could ever be considered a fair use. For example, if 6waves contends that the amount and substantiality of the portions of King's games that it copied was minimal and trivial, it should identify what portions it copied. Yet 6waves has not even admitted that it copied the games or had knowledge of them, as reflected by the blanket denials throughout its Answer. In any event, there is not a scintilla of facts in King's pleadings that could support a claim of "fair use" when a competitor, 6waves, pervasively copies the highly creative work of King for the very purpose of diverting customers from King to 6waves. Whatever 6waves may argue about *whether* its games copied King's, it certainly has not identified any fact that would excuse any copying as "fair."

With respect to its Fourth Affirmative Defense (Copyright Misuse), 6waves utterly fails to explain how the allegations of the FAC could ever support a theory that King engaged in monopolistic behavior, as 6waves concedes it must prove to prevail on this defense. *See* Opp. at 9:11-14. Indeed, as the case 6waves cites makes clear, the defense of copyright misuse typically involves allegations that the plaintiff entered into a licensing agreement that forbids the licensee from using competing products. *See generally Practice Mgmt. Info Corp. v. Am. Med. Ass'n*, 121 F.3d 516 (9th Cir. 1997). There certainly is nothing in King's FAC that could support such a theory here, and King is unaware of any reason why 6waves would have asserted this defense other than to improperly expand the scope of discovery and hence, King's litigation costs.

With respect to 6waves' Fifth Affirmative Defense (which actually encompasses seven different doctrines: "License, Consent, Acquiescence, Waiver, Laches, Unclean Hands, Estoppel"), 6waves does not even attempt to defend it, much less explain how any basis for this kitchen sink "defense" can be found in the FAC. Nor could it. King did not allege, for example, that 6waves had a license or consented in any way to its infringement; nor could or did 6waves allege that King failed to take action when it learned its copyrights were being infringed: as noted above, King commenced this lawsuit within two months of 6waves' infringing games being released.

Finally, with respect to 6waves' Sixth Affirmative Defense (innocent infringement), 6waves complains that it would be unfair to expect 6waves to "plead facts supporting a negative,

in advance of discovery." Opp. at 9:16-18. This argument is particularly baffling. 6waves cannot disclaim knowledge of its own conduct that justifies pleading its own innocence. As 6waves concedes (Opp. at 9:18-21), this defense turns on *6waves'* state of mind, of which it is aware—indeed, uniquely aware. No discovery is necessary; 6waves already possesses whatever evidence could support its highly dubious assertion that it did not know its conduct was infringing. The same applies to 6waves' Fifth Affirmative Defense: if 6waves relied on any license, statement, or delay, it knows those facts and must plead them. Assuming those facts exist, 6waves' failure to plead them is inexcusable. And if they do not, the defenses do not belong in this case.

### III.     AMENDMENT OF 6WAVES' ANSWER

As 6waves openly acknowledged in its opposition, King has never objected to any attempt on 6waves' part to amend its Answer; King has welcomed such clarification from the start. Such amendment, however, is precisely what 6waves should have done at the outset, instead of raising a specious opposition that merely accomplishes what 6waves purports to abhor—the prolonging of "pointless motion practice." Opp. at 1:8. The proper course for 6waves was not to resist a well taken motion, but simply to amend. That would have streamlined this case, avoided the necessity of this Reply, and prevented the Court from having to rule on a plainly meritorious motion.

### **CONCLUSION**

For the foregoing reasons and reasons stated in King's Motion to Strike Defendant's Affirmative Defenses, King respectfully requests that 6waves' Third, Fourth, Fifth and Sixth affirmative defenses be struck, with 6waves given leave to amend within 14 days (Fed. R. Civ. P. 12(a)(4), to plead facts to support these defenses if it chooses to reassert them.

Dated:   January 3, 2014                             Respectfully Submitted,

                                                    FENWICK & WEST LLP

                                                    By:  */s/ Jennifer Lloyd Kelly*
                                                         Jennifer Lloyd Kelly

                                                    Attorney for Plaintiff
                                                    KING.COM LIMITED