IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KING.COM LIMITED, | No. C-13-3977 MMC |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES; AFFORDING DEFENDANTS LEAVE TO FILE AMENDED ANSWER** |
| v. | |
| 6 WAVES, LLC; SIX WAVES INC., | |
| Defendants. | |

Before the Court is plaintiff King.com Limited's ("King.com") "Motion to Strike Defendants' Affirmative Defenses," filed December 9, 2013. Defendants 6 Waves LLC and Six Waves Inc. (collectively, "6Waves") have filed opposition, to which King.com has replied. Having read and considered the parties' respective written submissions, the Court rules as follows.[1]

In its First Amended Complaint ("FAC"), filed October 31, 2013, King.com brings a single cause of action for "Federal Copyright Infringement," in which King.com alleges 6Waves infringed King.com's U.S. copyrights in two computer games, Pet Rescue Saga and Farm Heroes Saga, by "copying" said games and "publicly displaying, and distributing" two similar games. (See FAC ¶¶ 75; 79.) On November 18, 2013, 6Waves filed its Answer, asserting therein six affirmative defenses.

---

[1] By order filed January 15, 2014, the Court took the motion under submission.

By the instant motion, King.com argues 6Waves's affirmative defenses are not pleaded in conformity with Rule 8 of the Federal Rules of Civil Procedure, and, consequently, should be stricken. See Fed. R. Civ. P. 8 (requiring defenses be "state[d] in short and plain terms"); Fed. R. Civ. P. 12(f) (providing "court may strike from a pleading an insufficient defense"). The Court, as discussed below, agrees.

As King.com correctly points out, the answer includes no factual allegations in support of any of the affirmative defenses, but, rather, as to each such defense, consists entirely of a single conclusory assertion. (See, e.g., Ans. at 7:9-10 ("Plaintiff's claim is barred, in whole or in part, by the doctrines of license, consent, acquiescence, waiver, laches, unclean hands, and/or estoppel.").) "A defense is insufficiently pled if it fails to give the plaintiff fair notice of the nature of the defense." Barnes v. AT&T Pension Benefit Plan-Nonbargained Program, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010); see also Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (holding, in context of challenge to adequacy of complaint, "legal conclusions," to comply with Rule 8, "must be supported by factual allegations"; noting such "factual matter, accepted as true," must be sufficient to "state a claim to relief that is plausible on its face").

6Waves contends an answer in the form at issue here gives King.com "sufficient notice" of its affirmative defenses. (See Opp'n at 1:9-10; 2:7-8). The Court, in accordance with the reasoning of numerous courts in this district, disagrees. See, e.g., Barnes, 718 F. Supp. 2d at 1172 (holding "series of conclusory statements asserting the existence of an affirmative defense" and lacking "some identifiable fact that . . . would make the affirmative defense plausible on its face" insufficient to give plaintiff fair notice); Ansari v. Elec. Document Processing, Inc., 2012 WL 3945482 at *3-4 (N.D. Cal. Sep. 10, 2012) (applying Iqbal's "plausibility standard" to pleading of affirmative defenses; striking all affirmative defenses as "mere recitations of legal conclusions").

Accordingly, King.com's motion is hereby GRANTED, with leave to amend to cure the deficiencies noted. See Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1298 (9th Cir. 1998) (citing "general rule" that leave to amend following dismissal of pleading should be

2

1  afforded unless "any amendment would be an exercise in futility").

2  6Waves's amended answer, if any, shall be filed no later than April 21, 2014.

3  **IT IS SO ORDERED.**

5  Dated: March 31, 2014

_____
MAXINE M. CHESNEY
United States District Judge