IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KING.COM LIMITED,<br><br>    Plaintiff,<br><br>  v.<br><br>6 WAVES, LLC; SIX WAVES INC.,<br><br>    Defendants.<br>_____ / | No. C-13-3977 MMC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' FIRST, FOURTH AND SIXTH AFFIRMATIVE DEFENSES; AFFORDING DEFENDANTS LEAVE TO FILE SECOND AMENDED ANSWER** |

     Before the Court is plaintiff King.com Limited's motion, filed May 14, 2014, to strike the First, Fourth, and Sixth Affirmative Defenses from defendants' Amended Answer. Defendants 6 Waves LLC and Six Waves Inc. have filed opposition, to which plaintiff has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter appropriate for determination on the parties' respective written submissions, VACATES the hearing scheduled for July 11, 2014, and rules as follows.

     For the reasons stated by plaintiff (see Pl.'s Mot. at 5:17-27; Pl.'s Reply at 4:3-9, 4:23-28), defendant's First Affirmative Defense, "Failure to State a Claim," will be stricken; "a defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense." See Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1088 (9th Cir. 2002); Barnes v. AT&T Pension Benefit Plan-Nonbargained Program, 718 F. Supp. 2d

1167, 1174 (N.D. Cal. 2010) (striking affirmative defense; noting "[f]ailure to state a claim is a defect in the plaintiff's claim; it is not an additional set of facts that bars recovery notwithstanding the plaintiff's valid prima facie case") (internal quotation and citation omitted).  Although the Court agrees with defendant that Rule 12(h)(2)(A) of the Federal Rules of Civil Procedure permits failure to state a claim to be raised in an answer, nothing in that rule states such assertion may be raised by way of an affirmative defense as opposed to a denial.

For the reasons stated by plaintiff (see Pl.'s Mot. at 6:9-8:11; Pl.'s Reply at 4:14-6:19 & nn. 1-3), defendant's Fourth Affirmative Defense, "Copyright Misuse," will be stricken, as neither the cited terms of the license agreement nor plaintiff's attempts to enforce its copyrights through litigation prevent licensees "from using any other competing product" or "from developing competing software," see Apple Inc. v. Psystar Corp., 658 F.3d 1150, 1157-58 (2011), and, to the extent the Fourth Affirmative Defense is based on the allegation that elements of plaintiff's games are not protected by copyright, the defense is not affirmative in nature but, rather, constitutes an assertion that plaintiff has not met its burden of proof, see Zivkovic, 302 F.3d at 1088.

For the reasons stated by plaintiff (see Pl.'s Mot. at 8:14-14:15; Reply at 7:5-8:2 & n.5), defendant's Sixth Affirmative Defense, "License, Consent, Acquiescence, Waiver, Laches, Unclean Hands, Estoppel," will be stricken, for two reasons.  First, as to all such affirmative defenses other than unclean hands, defendants fail to allege any supporting facts.  Second, to the extent their Sixth Affirmative Defense is based on unclean hands, defendants' allegations that elements of plaintiff's games are "commonplace" and were "derived by [p]laintiff from existing games," and that plaintiff "has a history of doing exactly what it now claims [d]efendants have done" (see Amended Answer at 9:17-21), are insufficient to plead unclean hands, as such allegations are not "directly related to the merits of the controversy between the parties," see Dream Games of Arizona, Inc. v. PC Onsite, 561 F.3d 983, 990 (9th Cir. 2009).  In their opposition, defendants state plaintiff "made fraudulent representations to the Copyright Office regarding the extent of copyright

protection to which it was allegedly entitled" and contend such conduct supports a finding of unclean hands. (See Opp'n at 9:12-21.) No such allegation appears in defendants' Amended Answer, however, and, consequently, is not further addressed herein.

Accordingly, plaintiff's motion is hereby GRANTED, and defendants' First, Fourth, and Sixth Affirmative Defenses are hereby STRICKEN. If defendants wish to amend to cure the deficiencies identified above with respect to the Fourth and/or Sixth Affirmative Defense, defendants shall file, no later than July 25, 2014, a Second Amended Answer.

**IT IS SO ORDERED.**

Dated: July 11, 2014

MAXINE M. CHESNEY
United States District Judge